■ In the Matter of the Claim of Carmen A. Martinez, Appellant. John E. Sweeney, as Commissioner of Labor, Respondent. [666 NYS2d 859] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 2, 1996, which ruled that claimant was ineligible to receive additional unemployment insurance benefits pursuant to Labor Law § 599 (2).

The Unemployment Insurance Appeal Board ruled that claimant was ineligible to receive additional unemployment insurance benefits upon enrolling in an approved educational training course pursuant to Labor Law § 599 (2) because the funding for that program had been exhausted. Inasmuch as substantial evidence supports the Board's decision, we must affirm. While it is undisputed that on February 3, 1995, the local unemployment office approved claimant's participation in an educational training program from January 31, 1995 through June 2, 1995, claimant was also advised that such approval was not a guarantee of additional benefits and was conditioned upon the availability of funds under the Labor Law § 599 program after her regular unemployment benefits had expired. The funds available for that program are limited to $20,000,000 per program year which, in this case, ran from July 1, 1994 through June 30, 1995 (*see*, Labor Law § 599 [2] [b]). The record establishes that the $20,000,000 was committed to other participants in the program by December 31, 1994. The coordinator of the Labor Law § 599 program testified that, in the exercise of the Commissioner of Labor's authority to establish a priority system for the payment of committed funds (*see*, 12 NYCRR 482.6 [b]), a cut-off date of December 31, 1994 was set; this meant that those claimants who were approved for educational training after December 31, 1994 were put on a

waiting list and had priority to receive additional benefits prospectively if additional funds became available and the individual was still attending the same approved training program (see, 12 NYCRR 482.6 [d]). Claimant, who was approved for training after the cut-off date, was placed on the wait list but no new funds became available before the completion of her training or, in fact, before the end of the program year on June 30, 1995.* In view of the foregoing, we find that substantial evidence supports the Board's ruling that, although claimant's training qualified her for benefits under Labor Law § 599, she was ineligible to receive benefits due to the lack of funds available during the entire period of her training from January 31, 1995 through June 2, 1995.

Cardona, P. J., Mikoll, White, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.

Cardona, P. J., Mikoll, Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the decision is affirmed, without costs.

---

* In fact, the Labor Law § 599 program shut down entirely on March 31, 1995 for lack of funds.